UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHANNON LEE JARNIGAN )
)
v. ) NO. 2:05-CV-135
)
HAMBLEN COUNTY JAIL; )
ROOKIE INMAN, Jail Adm'r; )
BOBBY SMITH, OIC )

**ORDER of DEFICIENCY**

Shannon Lee Jarnigan, a prisoner in the Hamblen County Detention Center, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff has submitted an application to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(a) and (b), a prisoner who files a complaint in federal court is also required to submit the entire civil filing fee *or* file an application to proceed *in forma pauperis*, an affidavit stating her assets, *and* a certified copy of her prison trust account statement reflecting the activity in the account for the six months preceding the filing of the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

In this case, the plaintiff has failed to proffer the required filing fee of two hundred, fifty dollars ($250.00) or submit the necessary 6-month trust account statement. Unless the plaintiff pays the entire filing fee within thirty (30) days of the date of entry of this

Order, or submits her trust account statement,[1] the Court will assume that she is not a pauper, assess the entire filing fee, and dismiss this action for want of prosecution under Fed. R. Civ. P. 41(b).

Should this action be dismissed, it will not be reinstated, even if the plaintiff later pays the fee or requests pauper status.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[1] In lieu of the certified six-month statement, the Court previously has allowed prisoners in local jails who have filed civil rights actions to submit statements signed by jail authorities stating that a facility does not maintain prisoner trust accounts. If it happens that the Hamblen County Detention Center does not keep such an account, the plaintiff may wish to do the same.